IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARPER ENTERPRISES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 04-0139-CV-W-ODS |
| ) | |
| APRILIA WORLD SERVICE USA, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) REOPENING DISCOVERY FOR LIMITED PURPOSES, AND (3) RESCHEDULING THE PRETRIAL CONFERENCE AND TRIAL

*I. INTRODUCTION*

Pending is Defendant's Motion for Summary Judgment. The parties' briefs supporting and opposing the motion also raise charges and countercharges of failure to produce discovery. The Court has endeavored to sort out the mess that has been presented and has been unable to do so completely. Therefore, the Court will grant the motion in part, deny the motion in part, and defer the remainder. Discovery will be reopened (with certain limits) and the parties will be afforded an opportunity to file supplemental briefs.

The Amended Complaint raises six claims:

Count I      Price Discrimination
Count II     Tortious Interference With Business Expectancy
Count III    Breach of the Dealer Agreement
Count IV     Unjust Enrichment
Count V      Breach of Contract
Count VI     Breach of the North Carolina Motor Vehicle Act

Count I alleges certain motorcycles were offered to another dealer at a lower price than those motorcycles were offered to Plaintiff. Count II has been abandoned by Plaintiff;

judgment can be entered in Defendant's favor without further discussion. Count III alleges Plaintiff performed repair work that was covered by customers' warranties, but Defendant breached the Dealer Agreement by failing to reimburse Plaintiff for those repairs. Count IV is presented in the alternative and asserts a claim for unjust enrichment based on the same facts underlying Count III. Count V asserts a claim for breach of contract related to the sale of some obsolete parts. Count VI, as its description suggests, alleges violations of North Carolina law.

## II. DISCUSSION

### A.

The Court will first address those aspects of Defendant's motion for which a definitive ruling can be made at this time. A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

2

The Court's review of the Record reveals there are disputed issues of material fact with regard to Count V, and the Court cannot conclude Defendant is entitled to judgment as a matter of law. The Court also holds the materials Plaintiff has provided satisfied its obligations under Rule 26(a)(1)(C). Therefore, the motion is denied with respect to Count V.

The Court is persuaded Defendant is entitled to judgement as a matter of law on Count VI. Defendant argues North Carolina law does not apply to the Dealer Agreement, and Plaintiff does not dispute this contention. More importantly, even if North Carolina law applied, Plaintiff's claim would fail because it does not have an established place of business in North Carolina, which is a requirement for the cause of action. See N.C. Gen. Stat. § 20-4.01(5).

Plaintiff attempted to address this obstacle by seeking leave to file a Second Amended Complaint. The Motion explained that Plaintiff wanted to "address Defendant's claim . . . that Missouri law applies to the parties' Dealership Agreement." This made it sound as if the issue was whether the Dealership Agreement was to be interpreted pursuant to Missouri law or North Carolina law. Plaintiff's motion was denied for a variety of reasons, including the fact that this is not a matter normally addressed in a Complaint. The Court now realizes that what Plaintiff really wanted to do was assert a cause of action under Missouri law instead of the cause of action under North Carolina law. As detailed in the Court's November 13, 2006, Order, this request was untimely when made and would still have been denied. Regardless of any similarities between North Carolina law and Missouri law, Plaintiff wishes to assert a completely different cause of action. This is not permissible so late in the proceedings.

For these reasons, judgment is granted in Defendant's favor on Counts II and VI. Summary judgment is denied with respect to Count V.

*B.*

Two distinct discovery issues have been presented. The first is Plaintiff's alleged failure to comply with Rule 26(a)(1)(C), and the second is Defendant's alleged failure to

3

comply with orders of the Court. Neither issue was raised within the deadline set by Court for raising discovery disputes, but the consequences of non-compliance are different for each party.

Rule 26(a)(1)(C) required Plaintiff – without being asked by Defendant – to produce "a computation of any category of damages claimed . . . making available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Failure to provide the damage disclosure may result in an order prohibiting the party from presenting evidence of damages if the failure was "without substantial justification." Rule 37(c)(1). Technically, because the failure to produce the information carries its own sanction imposed by the rules, a defendant need not "complain" about a plaintiff's failure to produce the damage calculation.[1]

With that background in place, Defendant contends Plaintiff failed to produce the damage calculation. Plaintiff first contends that it did, which requires the Court to pore over the many documents Plaintiff describes as a damage calculation. Most of the materials cited relate to Count V, and as noted the Court deems Plaintiff's obligation satisfied with respect to Count V. However, satisfying the obligation with regard to Count V does nothing to satisfy the obligation with regard to Counts I, III or IV.

The Court has not identified any documents that address Plaintiff's damages for Count I. The method for calculating these damages is vaguely described and referred to, but the calculation is never performed. As for Counts III and IV, the damages are presented in summary fashion in Exhibit 16-F. While the damages appear to be identified (the Court is not certain because the Exhibit is not clear as to exactly what it purports to be), the underlying documents supporting the calculation (e.g., invoices for work done that was covered by the manufacturer's warranty) are not presented. As a final thought, the Court does not believe the disclosure obligation should be satisfied by cobbling together isolated documents produced during the entire course of discovery;

---

[1] In addition, the fact that the rules makes this an affirmative obligation means Plaintiff did not satisfy it by making a witness available for deposition that could explain the damages.

without a document clearly entitled "Damage Calculation," plaintiffs risk eleventh-hour claims attacking their satisfaction of Rule 26's requirements. Finally, sums requested in settlement negotiations, demand letters, and the like, do not constitute a damage calculation (and, in any event, should not be disclosed to the Court).

Plaintiff's second position involves complaining about Defendant's failure to provide certain documents. Unlike the obligation imposed by the Federal Rules of Civil Procedure, this obligation carries no built-in sanction for noncompliance. Prohibiting Defendant from using the documents it was supposed to produce may (as it does in this case) fail to punish Defendant because Defendant does not want to use the documents; their use benefits only Plaintiff. This, combined with the fact that the Court can only rely on the parties to report when discovery problems arise, makes the deadline for raising discovery disputes critical. Even if the Court ordered Defendant to provide certain documents, and even if Defendant failed to provide them, it remained incumbent upon Plaintiff to timely advise the Court of this failing.

Muddying the analysis, however, is the fact that the sanction from Rule 37(c)(1) applies only if the Plaintiff lacked a "substantial justification" for failing to produce the damage calculation. Plaintiff contends Defendant's failure to comply with the Court's order deprived it of information necessary to make the necessary calculations.[2] The Court understands this rationale with respect to the damages for Count I, but does not understand this rationale with respect to Counts III and IV. However, the Court is unwilling to replay the entire course of discovery.

Defendant shall have until and including February 20, 2007, to produce all of the documents the Court ordered it to produce in the May 19, 2005, Order. If this is not done, Plaintiff shall arrange for a telephone conference as required by Local Rule 37.1. Twenty-one calendar days later, Plaintiff shall provide a damage calculation as required by Rule 26 for Counts I, III and IV. The parties shall have twenty-eight days thereafter to conduct any other discovery they desire as it relates to the documents produced

---

[2]For its part, Defendant neither admits nor denies failing to produce the required documents.

pursuant to this Order. On or before May 8, 2007, the parties may file (simultaneously) supplemental briefs regarding Defendant's request for summary judgment on Counts I, III and V.

Because it is clear that at least one claim (Count V) will be tried, it is appropriate to set a date and time for the trial and pretrial conference. The pretrial conference will take place at 10:30 a.m. on September 4, 2007, and the jury trial is set on the Joint Accelerated Docket commencing October 1, 2007.

IT IS SO ORDERED.

                                                      /s/ Ortrie D. Smith
                                                      ORTRIE D. SMITH, JUDGE
DATE: January 29, 2007                    UNITED STATES DISTRICT COURT